IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSA AND RICARDO DELGADO *Plaintiffs,* | § § § | |
| v. | § § | CIVIL ACTION NO. 5:17-cv-00779 |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY and KEVIN P. MCLOUGHLIN, *Defendants.* | § § § § § | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Rosa and Ricardo Delgado v. Nationwide Property and Casualty Insurance Company and Kevin P. McLoughlin*; Cause No. 2017CI12673, in the 131st Judicial District Court, Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiffs Rosa and Ricardo Delgado initiated the present action by filing their Original Petition in Cause No. 2017CI12673, in the 131st Judicial District Court of Bexar County, Texas, on July 12, 2017 (the "State Court Action").[1]

2. Nationwide appeared and answered on August 10, 2017, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[2] To date, Defendant Kevin P. McLoughlin has not been served.

---

[1] See **Exhibit A**, Plaintiffs' Original Petition with citation.

[2] See **Exhibit B**, Defendant Nationwide Property and Casualty Insurance Company's Original Answer.

3.      Pursuant to 28 USC § 1446(a), all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 131st Judicial District Court of Bexar County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Nationwide of Plaintiffs' Original Petition and less than one year after the commencement of this action.

6.      Obtaining consent from improperly joined parties for the removal of a case to federal court is not necessary.[3] Nevertheless, Defendant Kevin P. McLoughlin consents to removal of this action to this Court.

## II.
## JURISDICTION

7.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

8.      Plaintiffs are domiciled in San Antonio, Bexar County, Texas.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

---

[3]   *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[4]   *See* **Exhibit A**, Plaintiffs' Original Petition with citation at ¶ 2.

9. Defendant Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

10. Defendant Kevin P. McLoughlin is domiciled in San Antonio, Bexar County, Texas, and is therefore a citizen of the state of Texas. However, McLoughlin has been improperly joined to this action, as set forth below, and his citizenship should be disregarded for the purposes of determining diversity jurisdiction.

11. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### i.    *Improper Joinder*

12. A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse.[5] Because McLoughlin is non-diverse, only the latter option is relevant.

13. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[6] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[7] Under such analysis, the critical question is whether the allegations of Plaintiffs' Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief" under Texas law.[8] In

---

[5]   *Int'l Energy Ventures*

[6]   *Id.* at 200 (citing *Smallwood v. Ill. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

[7]   *Id.*

[8]   *Trang v. Bean*, 600 Fed. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

undertaking its decision, courts are to apply federal pleading standards to the asserted state court claim.[9] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.[10] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[11]

14. However, the scope of the inquiry for improper joinder is broader than that for a Rule 12(b)(6) motion because the court may also "pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim."[12] The Fifth Circuit has held that "there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[13]

15. Here, Plaintiffs have alleged causes of action against McLoughlin for violations of Chapter 541 of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices Act.[14] All of Plaintiffs' claims against McLoughlin arise from his alleged inspection of Plaintiffs' property and the adjustment of Plaintiffs' insurance claim.[15] However, McLoughlin is not an adjuster and did not inspect or adjust Plaintiffs' insurance claim at issue in this suit. Instead, McLoughlin was Plaintiffs' insurance agent. Accordingly, Plaintiffs have misstated discrete facts related to

---

[9] *Int'l Energy Ventures*, 818 F.3d at 200-08.

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Id.* at 570.

[12] *Campbell v. Stone Ins.., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

[13] *Smallwood*, 385 F.3d at 573.

[14] *See* **Exhibit A**, Plaintiffs' Original Petition with citation at ¶¶ 39-50.

[15] *See id.*

McLoughlin's involvement in this case, and McLoughlin has been improperly joined to this lawsuit and his citizenship should be disregarded for purposes of determining diversity citizenship.

**B.     Amount in Controversy**

16.     Plaintiffs have alleged that they are seeking "monetary relief of less than $100,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees."[16]   The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiffs' Original Petition.

17.     Plaintiffs further seek compensation for (1) actual damages, (2) attorney's fees, (3) 18% penalty interest attorney's fees, (4) mental anguish damages, (5) treble damages, and (6) pre- and post-judgment interest.[17]   Plaintiffs have alleged that Defendants' conduct was wrongful and done knowingly, entitling them to a trebling of actual damages under Texas Insurance Code Chapter 541.[18]   Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[19]

18.     In determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit defined the "object of the litigation" as the "value of the right to be protected."[20] The breach-of contract claim implicates the limits of the policy that forms the basis of the claim.[21] Plaintiffs' policy in this case has a dwelling policy limit of $166,000.[22]

---

[16]   *See* **Exhibit A,** Plaintiffs' Original Petition with citation at ¶ 66.

[17]   *Id.* at ¶¶ 58-66.

[18]   *Id.* at ¶ 61; Tex. Ins. Code §§541.002 and 541.152.

[19]   *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[20]   *Garcia v. Geovera Specialty Ins. Co.*, No. 7:13-CV-114, 2013 WL 1967799, at *2 (S.D. Tex. May 10, 2013) (citing *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002) (declaratory action)).

[21]   *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1410 (5th Cir. 1995).

[22]   *See* **Exhibit C**, Excerpts from Plaintiff's Policy with Nationwide (the Certification and Declarations Pages).

Furthermore, Plaintiffs submitted a demand letter to Nationwide in which they demanded $33,727.92 to settle the claim.[23] In the demand, Plaintiffs sought $23,727.92 in "actual damages," $5,000 in mental anguish damages, and $5,000 in attorney's fees.[24] Moreover, the demand did not include all damages for which Plaintiffs are seeking recovery, which Plaintiffs conceded in the letter: "While it is our preference to resolve this claim quickly and amicably, please be advised that if our Client's demand is not paid within sixty (60) days from the receipt of this correspondence, we will seek to recovery a significant amount of additional damages including, but not limited to, extra-contractual damages, additional attorney's fees, statutory interest, court costs, and exemplary damages."[25] In Texas, an exemplary damages award can result in an increase of up to at least $200,000 for a plaintiff.[26] Thus, when the amount sought by way of the pre-suit demand is coupled with Plaintiffs' claims for exemplary or punitive damages, the amount in controversy exceeds $75,000.[27]

19.   The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

20.   Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

---

[23]   *See* **Exhibit D**, Plaintiff's pre-suit demand letter dated May 9, 2017.

[24]   *Id.*

[25]   *Id.*

[26]   *See* Tex. Civ. Prac. & Rem. Code § 41.008(b).

[27]   *See Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876 (S.D. Tex. Oct. 7, 2015) (holding that the insured's pre-suit demand in the amount of $33,673.12 coupled with a claim for punitive damages for alleged knowing and intentional conduct was sufficient to prove the amount in controversy exceeded $75,000).

21.     WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
lburgess@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:   (512) 476-7832

**ATTORNEYS FOR DEFENDANT
NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 16th day of August, 2017.

Matthew Zarghouni                                              *9414 7266 9904 2061 9327 52*
Zar Law Firm
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Matt@zar-law.com

                                                   */s/ Patrick M. Kemp*
                                                   Patrick M. Kemp

7