

# Notice of Service of Process

null / ALL
**Transmittal Number: 16897385**
Date Processed: 07/18/2017

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property & Casualty Insurance Company |
| **Title of Action:** | Rosa Delgado and Ricardo Delgado vs. Nationwide Property & Casualtty Insurance Company and Kevin P. McLoughlin |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017C112673 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/18/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Zar Law Firm<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



PRIVATE PROCESS

Case Number: 2017-CI-12673

2017CI12673 S00001

**ROSA DELGADO ET AL**
**VS.**
**NATIONWIDE PROPERTY & CASUALTY INSURANCE**
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
131st JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# CITATION

"THE STATE OF TEXAS"

Directed To: NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY
MAY BE SERVED AS FOLLOWS: CORPORATION SERVICE COMPANY

DELIVERED
7/18/17
By: M.T. Cedrus
Austin Process, LLC

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION JURY DEMAND AND RQST FOR DISCLOSURE, a default judgment may be taken against you." Said ORIGINAL PETITION JURY DEMAND AND RQST FOR DISCLOSURE was filed on the 12th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH DAY OF JULY A.D., 2017.

MATTHEW ZARGHOUNI
ATTORNEY FOR PLAINTIFF
7322 SOUTHWEST FWY 1965
HOUSTON, TX 77074



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz*, Deputy

---

ROSA DELGADO ET AL
VS
NATIONWIDE PROPERTY & CASUALTY INSURANCE

**Officer's Return**

Case Number: 2017-CI-12673
Court: 131st Judicial District Court

I received this CITATION on the _____ day of _____, 20____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION JURY DEMAND AND RQST FOR DISCLOSURE on the date of delivery endorsed on it to _____, in person on the _____ day of _____, 20____ at _____ o'clock ___M. at _____ or ( ) not executed because

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

_____
Declarant

ORIGINAL (DK002)

FILED
7/12/2017 1:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

2 cit pps sac2

Cause No. **2017CI12673**

| | | |
|---|---|---|
| Rosa Delgado and Ricardo Delgado | § § § | In the District Court |
| *Plaintiffs*, | § § § | |
| vs. | § § § | Bexar County, Texas |
| Nationwide Property & Casualty Insurance Company and Kevin P. McLoughlin | § § § § § | **131** Judicial District |
| *Defendants.* | | |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rosa Delgado and Ricardo Delgado ("Plaintiffs"), and files this **Plaintiffs' Original Petition** complaining of Nationwide Property & Casualty Insurance Company and Kevin P. McLoughlin (or collectively, "Defend'ants"), and for cause of action, Plaintiffs would respectfully show the following:

**A. DISCOVERY CONTROL PLAN**

1. Plaintiffs intend to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

**B. PARTIES**

2. Plaintiffs, Rosa Delgado and Ricardo Delgado, are individual residing in Bexar County, Texas at 518 Grabo Drive, San Antonio, TX 78216.

3. Defendant, Nationwide Property & Casualty Insurance Company, is an insurance company doing business in Texas and may be served as follows: Corporation Service Company


211 E. 7th St. Ste 620, Austin, TX 78701.

4. Defendant, Kevin P. McLoughlin, is an adjuster in the course and working scope of employment with Nationwide Property & Casualty Insurance Company. Kevin P. McLoughlin can be served at the residential address listed with the Texas Department of Insurance: 306 W Sunset Rd Ste 100, San Antonio, TX 78209. Plaintiffs request service at this time.

### C. JURISDICTION

5. The Court has jurisdiction over Nationwide Property & Casualty Insurance Company because Nationwide Property & Casualty Insurance Company engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Kevin P. McLoughlin because Kevin P. McLoughlin is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Kevin P. McLoughlin's business activities in the State of Texas, with reference to this specific case.

### D. VENUE

7. Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

### E. CONDITIONS PRECEDENT

8. All conditions precedent to recovery have been performed, waived, or have occurred.

### F. AGENCY AND *RESPONDEAT SUPERIOR*

9. Whenever in this petition it is alleged that Nationwide Property & Casualty

Insurance Company did any act or omission, it is meant that Nationwide Property & Casualty Insurance Company itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Nationwide Property & Casualty Insurance Company or done in the normal routine, course, and scope of the agency or employment of Nationwide Property & Casualty Insurance Company or its agents, officers, servants, employees, or representatives.

### G. FACTS

10. Plaintiffs are named insureds under a property insurance policy—7842HO423295 (the "Policy")—issued by Nationwide Property & Casualty Insurance Company. The Policy insures, among other things, against losses from storm damage to Plaintiffs' property, namely, the real property and improvements located at 518 Grabo Drive, San Antonio, TX 78216 (the "Property").

11. On or about 04/12/2016, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the Property including but not limited to damage to the roof, ceilings, and fence.

12. Shortly after the storm, Plaintiffs noticed damage to the Property. Plaintiffs contacted Nationwide Property & Casualty Insurance Company to notify Nationwide Property & Casualty Insurance Company of the damage.

13. Plaintiffs submitted a claim, 073874-GD, to Nationwide Property & Casualty Insurance Company against the Policy for all roof damage, water damage, and wind damage the Property sustained as a result of the storm.

14. Plaintiffs asked that Nationwide Property & Casualty Insurance Company honor its contractual obligations to cover the cost of repairs to the Property.

15. Nationwide Property & Casualty Insurance Company assigned Kevin P. McLoughlin to adjust the claim. Defendants, Nationwide Property & Casualty Insurance Company and Kevin P. McLoughlin, conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation. Kevin P. McLoughlin failed to fully inspect all damage to the Property.

16. Despite obvious, visible storm damage, Kevin P. McLoughlin, on his/her own behalf and on behalf of Nationwide Property & Casualty Insurance Company, verbally misrepresented to Plaintiffs at the time of the inspection and thereafter that the Property had minimal storm-related damage. Kevin P. McLoughlin repeated this misrepresentation, again on his/her own behalf and on behalf of Nationwide Property & Casualty Insurance Company, in a letter to Plaintiffs dated 05/12/2016.

17. Together, Defendants Nationwide Property & Casualty Insurance Company and Kevin P. McLoughlin set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

18. Defendant Nationwide Property & Casualty Insurance Company failed to perform its contractual obligation to adequately compensate Plaintiffs under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiffs. Nationwide Property & Casualty Insurance Company's conduct constitutes a breach of the insurance contract between Nationwide Property & Casualty Insurance Company and Plaintiffs.

19. Even though the Property sustained obvious damage caused by a covered occurrence, Defendants misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy. Defendants' conduct is a violation of the Texas Insurance

4

Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

21.     Defendants refused to adequately compensate Plaintiffs under the terms of the Policy, and they failed to conduct a reasonable investigation of the claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

22.     Defendants failed to offer Plaintiffs a reasonable explanation for why Plaintiffs' claim was denied. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

23.     Defendant, Nationwide Property & Casualty Insurance Company, failed to timely acknowledge Plaintiffs' claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of the claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

24.     Defendant, Nationwide Property & Casualty Insurance Company, failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant, Nationwide Property & Casualty Insurance Company, delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full

5

payment for Plaintiffs' claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

26. Since the time Plaintiffs' claim was presented to Defendant Nationwide Property & Casualty Insurance Company, the liability of Nationwide Property & Casualty Insurance Company to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Nationwide Property & Casualty Insurance Company has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Nationwide Property & Casualty Insurance Company's duty of good faith and fair dealing.

27. Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendants knowingly concealed all or part of material information from Plaintiffs.

28. To date, Plaintiffs have yet to receive full payment for the damages to which Plaintiffs are entitled under the Policy. Plaintiffs have suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiffs' claim also caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

## H. CAUSES OF ACTION

**I. BREACH OF CONTRACT** (against Nationwide Property & Casualty Insurance Company)

29. Defendant Nationwide Property & Casualty Insurance Company had a contract of insurance with Plaintiffs. Plaintiffs met or performed all conditions precedent under the contract. Nationwide Property & Casualty Insurance Company breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiffs were damaged thereby.

30. Defendant Nationwide Property & Casualty Insurance Company is therefore liable

to Plaintiffs for breach of contract.

**II. PROMPT PAYMENT OF CLAIMS STATUTE** (against Nationwide Property & Casualty Insurance Company)

31. Plaintiffs' claim is a claim under an insurance policy with Defendant Nationwide Property & Casualty Insurance Company, of which Plaintiffs gave Nationwide Property & Casualty Insurance Company proper notice. Nationwide Property & Casualty Insurance Company is liable for the claim.

32. Defendant Nationwide Property & Casualty Insurance Company violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33. Failing to acknowledge or investigate the claim or to request from Plaintiffs all items, statements, and forms Nationwide Property & Casualty Insurance Company reasonably believed to be required within the time constraints provided by Tex. Ins. Code § 542.055; failing to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or delaying payment of the claim following Nationwide Property & Casualty Insurance Company's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34. Defendant Nationwide Property & Casualty Insurance Company is therefore liable to Plaintiffs for damages. In addition to Plaintiffs' claim for damages, Plaintiffs are further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

**III. UNFAIR SETTLEMENT PRACTICES/BAD FAITH** (against all Defendants)

35. Each of the foregoing paragraphs is incorporated by reference here fully.

36. As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by

engaging in unfair settlement practices.

**DEFENDANT** Nationwide Property & Casualty Insurance Company

37. Defendant Nationwide Property & Casualty Insurance Company engaged in unfair settlement practices by misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Nationwide Property & Casualty Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for Nationwide Property & Casualty Insurance Company's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Nationwide Property & Casualty Insurance Company and was a producing cause of Plaintiffs' damages. Nationwide Property & Casualty Insurance Company is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**DEFENDANT** Kevin P. McLoughlin

39. Defendant Kevin P. McLoughlin was a contractor and/or adjuster assigned by Kevin P. McLoughlin to assist with adjusting the claim. Kevin P. McLoughlin was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

40. Kevin P. McLoughlin was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiffs' Property.

41. Kevin P. McLoughlin conducted a substandard, results-oriented inspection of the Property.

42. As such, Kevin P. McLoughlin failed to discover covered damages and/or fully quantify covered damages to Plaintiffs' Property, as the Policy and Texas law require.

43. Further, Kevin P. McLoughlin misrepresented material facts to Plaintiffs, that is, the existence and true value of Plaintiffs' covered losses. Additionally, Kevin P. McLoughlin failed to provide Plaintiffs with a reasonable explanation as to why Kevin P. McLoughlin did not compensate Plaintiffs for the covered losses, or the true value thereof.

44. Thus, Kevin P. McLoughlin engaged in unfair settlement practices by: misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Nationwide Property & Casualty Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiffs' claim. Each of the aforementioned unfair settlement practices was committed knowingly by Kevin P. McLoughlin and was a producing cause of Plaintiffs' damages. Kevin P. McLoughlin is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**IV.  DTPA VIOLATIONS** (against all Defendants)

45. Each of the foregoing paragraphs is incorporated by reference here fully.

46. At all material times herein, Plaintiffs were "consumers" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47. Defendants have violated the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") in at least the following respects:

48. Defendants represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiffs into a transaction Plaintiffs would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiffs' claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49. As a result of Defendants' violations of the DTPA, Plaintiffs suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiffs' damages. Therefore, Defendants are liable to Plaintiffs for violations of the DTPA.

50. Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA

and Texas Insurance Code § 541.152(a)-(b).

## V. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (against Nationwide Property & Casualty Insurance Company)

51. Defendant Nationwide Property & Casualty Insurance Company breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the claim when Nationwide Property & Casualty Insurance Company knew or should have known liability was reasonably clear. Nationwide Property & Casualty Insurance Company's conduct proximately caused Plaintiffs' damages.

52. Defendant Nationwide Property & Casualty Insurance Company is therefore liable to Plaintiffs.

## VI. ATTORNEY'S FEES

53. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

54. Plaintiffs are entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55. Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56. Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## I. KNOWLEDGE

57. Each of the acts described above, together and singularly, was done "knowingly,"

as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## J. DAMAGES

58. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

59. Due to the mishandling of Plaintiffs' claim by Defendants, the damages caused by the 04/12/2016 storm have not been fully addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

60. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE § 541.152.

62. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

63. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64. For fraudulent conduct, Plaintiffs are entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiffs were compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action.

## K. STATEMENT OF RELIEF AND DAMAGES

66. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs are seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seeks pre-judgment and post-judgment interest at the highest legal rate.

## L. RESERVATION OF RIGHTS

67. Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## M. JURY DEMAND

68. Plaintiffs hereby request that all causes of action alleged herein be tried before a

jury consisting of citizens residing in Bexar County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## N. REQUEST FOR DISCLOSURE

69. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sum as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual damages, trebled, under the Texas Insurance Code and Texas Deceptive Trade Practices Consumer Protection Act, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all court costs on Plaintiffs' behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**